[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12373
Non-Argument Calendar

_____

D.C. Docket No. 9:12-cr-80172-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAWN HERNDON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 10, 2018)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and ANDERSON, Circuit
Judges.

PER CURIAM:

Dawn Herndon, proceeding with counsel, appeals the district court's denial

of her pro se motion seeking to amend the written judgment of her sentence and

requesting release from custody.  Because her appeal is untimely, we do not address whether the district court erred in denying Herndon's motion.

A criminal defendant must file a notice of appeal within 14 days after the challenged order is entered on the docket.  Fed. R. App. P. 4(b)(1)(A).  Rule 4(b)(4) authorizes the district court to grant a 30-day extension of that deadline if the failure to file resulted from excusable neglect or good cause.  United States v. Ward, 696 F.2d 1315, 1317 (11th Cir. 1983).  That extension cannot "exceed 30 days from the expiration of the time" prescribed by Rule 4(b), meaning that the notice of appeal must be filed within 44 days of entry of the order.  See Fed. R. App. P. 4(b)(4).

On March 25, 2013, Herndon was sentenced after pleading guilty to five counts of bank fraud in violation of 18 U.S.C. § 1344.  She did not appeal.  On March 13, 2017, she filed a pro se motion to correct her judgment and for release from custody, and the district court denied the motion on March 22, 2017.[1]  On April 24, 2017, Herndon filed a pro se 28 U.S.C. § 2255 motion arguing, in relevant part, that her sentence was void because it granted her credit for time served, and "only . . . the Attorney General" had the authority to give her credit for time served.[2]  On May 17, 2017, Herndon filed a notice of appeal and designated

---

[1] Despite Herndon's assertion that she did not receive the district court's March 22 order, the district court's docket shows that her address remained the same throughout the proceeding.

[2] The district court adopted the recommendation of a magistrate judge and denied

2

the district court's March 22 order denying her motion to correct the judgment and for release from custody.

Because the district court entered its order on March 22, 2017, and Herndon did not file her notice of appeal until May 17, 2017 — which is outside of both the 14-day appeal period and the additional 30-day window for extension by the district court — her notice of appeal was untimely. And because the government has raised the timeliness issue, we must dismiss the appeal. See United States v. Lopez, 562 F.3d 1309, 1313–14 (11th Cir. 2009) (stating that although Rule 4(b)(1)(A)'s deadline is not jurisdictional, if the government raises the issue of timeliness, we must apply the Rule's time limits and dismiss the case).

Herndon contends that her appeal from the district court's denial of her March 13 motion was timely for two reasons. First, she argues that we should recharacterize her March 13 motion as a 28 U.S.C. § 2255 motion, which would mean she had 60 days to appeal the district court's March 22 order and her notice of appeal would be timely.[3] Nothing in Herndon's March 13 motion suggests that

---

Herndon's § 2255 motion as time barred. Herndon does not challenge that ruling in this appeal.

[3] The Supreme Court's Castro decision prohibits a federal court from recharacterizing a pro se litigant's motion as her first § 2255 motion "unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." Castro v. United States, 540 U.S. 375, 377, 124 S. Ct. 786, 789 (2003). Herndon argues that the Castro decision "does not stand in the way of recharacterization here" because she is the one requesting recharacterization and because it would help her. We need not and do not address that argument or the Castro rule at which it is aimed.

it should be treated as a motion to vacate under § 2255.  Although we liberally construe pro se filings, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), Herndon's motion requested that the district court order a "ministerial correction" of part of her sentence, and the general crux of her request was that the judgment did not reflect the court's oral grant of day-to-day credit for home confinement.  Her motion did not cite § 2255, nor did it allege that her convictions and sentence violated the Constitution, that the court was without jurisdiction to sentence her, or that her sentence was unlawful in a manner that resulted in a complete miscarriage of justice.  See 28 U.S.C. § 2255(a); Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014).  As a result, Herndon's argument that her March 13 motion should be treated as a § 2255 motion fails.

Second, Herndon argues that the district court should have construed her § 2255 motion, which was filed within the 44-day period and raised issues similar to those in the March 13 motion, as a notice of appeal and motion for an extension of time.[4]  We disagree.  Although Herndon's § 2255 motion made a related argument that the district court unlawfully granted credit for her time in home confinement, she never referred to the district court's order denying her March 13 motion, nor did she express any intent to seek appellate review.  Ward, 696 F.2d at

---

[4] Herndon does not argue that the district court should have construed her motion as a petition under 28 U.S.C. § 2241 seeking credit for time served and, as a result, has abandoned any issue involving § 2241.  United States v. Levy, 391 F.3d 1327, 1331–32 (11th Cir. 2004).

1318 (noting that we will liberally construe a <u>pro</u> <u>se</u> litigant's filing as a notice of appeal if it expresses an intent to appeal). Not only that, but the crux of the related argument in her § 2255 motion was that the district court's judgment was void because it unlawfully granted her credit for time served, not that the court should amend the written judgment and order her released because she had served her time. As a result, the district court did not err in failing to construe her § 2255 motion as a notice of appeal.

**APPEAL DISMISSED.**